IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CURLEY LEE HUNTER, #30871                               PETITIONER

v.                                      CIVIL NO. 1:24-cv-217-HSO-LGI

BURL CAIN, MDOC Commissioner                        RESPONDENT

<u>ORDER TRANSFERRING PETITIONER'S HABEAS CORPUS PETITION
TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI</u>

Pro se Petitioner Curley Lee Hunter ("Petitioner") brings this Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is serving a 28-year sentence in the custody of the Mississippi Department of Corrections.

Petitioner challenges his sexual assault, burglary, and escape convictions from the Circuit Court of Tate County, Mississippi, which is located in the Northern District of Mississippi. *See* 28 U.S.C. § 104(a)(2). Petitioner identifies his present place of incarceration as the South Mississippi Correctional Institution in Greene County, Mississippi, which is located in the Southern District of Mississippi. *See* 28 U.S.C. § 104(b)(2).

The statutory provision governing jurisdiction for § 2254 habeas corpus petitions, 28 U.S.C. § 2241(d), "specifies the court in which [the petition] must be brought." *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (alteration in original) (citation omitted) (quoting *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991)). The statute provides that, when a person files a petition for a writ of habeas corpus and is in custody under the judgment and sentence of a state court in

a state with two or more federal judicial districts, the petition may be filed in the district court for the district where the person is in custody or in the district court for the district within which the state court that convicted and sentenced the person is located. *See* 28 U.S.C. § 2241(d). Each district has concurrent jurisdiction. *Id*. Further, the district court in which the petition is filed may "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id*.

As explained by the United States Court of Appeals for the Fifth Circuit, § 2241(d) exists "because the district court that has jurisdiction over the prisoner frequently is not the most convenient forum" for a prisoner's habeas petition and the "necessary records and witnesses often are located near the sentencing court rather than the court with jurisdiction over the prisoner . . . ." *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). Because Petitioner challenges his incarceration for three convictions from a state court located in the Northern District of Mississippi based on events occurring in the Northern District of Mississippi, the Court finds that the Northern District of Mississippi would be the more convenient forum for resolving this Petition. *See, e.g.*, *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1983)(finding district court's custom of transferring habeas petition to district of conviction was not abuse of discretion). The Court will therefore transfer this Petition [1] for Writ of Habeas Corpus to the United States District Court for the Northern District of Mississippi. In the exercise of this Court's discretion and in the furtherance of justice, it is hereby,

**ORDERED** that pro se Petitioner Curley Lee Hunter's Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **TRANSFERRED** to the United States District Court for the Northern District of Mississippi.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to take the necessary steps to effectuate the transfer of this case and to mail a copy of this Order to Petitioner at his address of record.

The Court advises Petitioner that the United States District Court for the Northern District of Mississippi will assign a new case number to this habeas corpus case and Petitioner should direct any future inquiries regarding this case to the Northern District of Mississippi.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE