IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CURLEY LEE HUNTER**                                            **PETITIONER**

v.                                                                 **No. 3:24CV232-MPM-DAS**

**BURL CAIN**                                                             **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Curley Lee Hunter for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2); the petitioner has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed with prejudice as untimely filed.

**Facts and Procedural Posture[1]**

Curley Lee Hunter challenges his 1999 burglary, sexual battery, and escape pleas and resulting sentences in the Tate County Circuit Court. Docs. 1, 2. As discussed below, however, he filed his federal petition for writ of *habeas corpus* more than 24 years after the federal deadline expired.

**Current Incarceration Status**

Hunter is in the custody of the Mississippi Department of Corrections (MDOC) and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. MDOC Records Department confirms that Hunter has completed his two concurrent 25-year sentences for burglary and sexual battery and is currently serving his final 3-year sentence for felony jail escape. See **Exhibit A** (MDOC Inmate Time Sheet). Hence, Hunter's "tentative" release and "maximum

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

discharge" date from MDOC physical custody is September 9, 2026.  See **Exhibit A**[2] (MDOC Inmate Time Sheet).

**Pleas and Sentences**

The record confirms:

> In March 1998, Hunter had been confined for several weeks in the Tate County jail in Senatobia, Mississippi, on the charges of burglary of a dwelling, armed robbery, kidnapping, rape, and sexual battery.  On March 5, 1998, the day after Hunter was indicted on these charges, he escaped from jail and was at large until December 1998. Once back in custody, in January 1999, the district attorney charged Hunter under an amended bill of information with felony jail escape as a nonviolent habitual offender.[3] Hunter filed a waiver of his right to have this charge presented to the grand jury, petitioning the trial court to proceed under a bill of information and to enter a plea of guilty.

**Exhibit B** (*Hunter v. State*, 380 So. 3d 329, 331 (Miss. Ct. App.), *cert. dismissed*, 391 So. 3d 1189 (Miss. 2024)); *see* **Exhibit C** (Indictment for Burglary, Armed Robbery, Kidnapping, Rape, and Sexual Battery); **Exhibit D** (Bill of Information on Escape); **Exhibit E** (Amended Bill of Information on Escape); **Exhibit F** (Waiver on Escape); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT).

On January 29, 1999, Hunter pled guilty to burglary and sexual battery as indicted.  **Exhibit G** (Plea Petition); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT).  The Tate County Circuit Court sentenced him to serve concurrent 25-year sentences as a habitual offender under Miss. Code Ann. § 99-19-81.  **Exhibit H** (Sentencing Order); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT).

On the same date, Hunter pled guilty to felony jail escape.  **Exhibit I** (Plea Petition); *see* Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT).  The Tate County Circuit Court sentenced Hunter to serve

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

[3] The Mississippi Court of Appeals noted that "Hunter had three prior felony convictions: armed robbery in 1976 and two counts of aggravated assault with a firearm in 1981." *Hunter v. State*, 380 So. 3d 329, 331 (Miss. Ct. App.), *cert. dismissed*, 391 So. 3d 1189 (Miss. 2024).

a term of three years as a habitual offender under Miss. Code Ann. § 99-19-81, to run consecutive to his two 25-year concurrent sentences. **Exhibit J** (Sentencing Order); *see* Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT).

### State Post-Conviction Proceedings

Over twenty years later, Hunter sought state post-conviction relief on his pleas and sentences (signed on June 15, 2022). Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT). In his state motion for post-conviction relief (PCR motion) challenging his burglary and sexual battery plea and sentences, Hunter claimed that: (1) his waiver of his right to be indicted by a grand jury was involuntary; and (2) the State failed to present evidence of his prior convictions sufficient to support the enhancement of his sentence as a nonviolent habitual offender under Miss. Code Ann. § 99-19-81. Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT). In his state PCR motion challenging his felony jail escape plea and sentence, Hunter claimed that the amended bill of information charging him was defective. Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT).

On October 21, 2022, the Tate County Circuit Court dismissed both of Hunter's state PCR motions as untimely because Hunter sought relief from his judgment of conviction outside the three-year statutory window under state law. **Exhibit K** (Order Dismissing Burglary and Sexual Battery PCR); **Exhibit L** (Order Dismissing Felony Jail Escape PCR); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT). The circuit court further determined that Hunter did not meet any "fundamental rights exception" to the procedural bar and that his "illegal-sentence" claims were meritless. **Exhibit K** (Order Dismissing Burglary and Sexual Battery PCR); **Exhibit L** (Order Dismissing Felony Jail Escape PCR); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT).

On the burglary and sexual battery charges, the circuit court clarified that "[f]irst and foremost,

Hunter's conviction herein was the result of a formal indictment returned by the Grand Jury in 1999."

**Exhibit K** at 1 (Order Dismissing Burglary and Sexual Battery PCR) Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT). Further, "Hunter ha[d] completely overlooked the existence of an indictment" in this case. **Exhibit K** at 1 (Order Dismissing Burglary and Sexual Battery PCR); Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT).

On the felony escape, the circuit court concluded:

> In this case, Hunter's assignment of error with regard to the Amended Bill of Information—being that it is unsigned by [Hunter] and lacks a notary's stamp/signature—are non-jurisdictional and are, therefore, procedurally barred. Notwithstanding the procedural bar, Hunter's arguments are without merit, as his guilty plea operated to waive all technical and non-jurisdictional issues in a bill of information just as it does for such defects in an indictment. *McClullen v. State*, 786 So. 2d 1069, 1075 (¶12).

**Exhibit L** at 2 (Order Dismissing Felony Jail Escape PCR); *see* Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT). In both cases, the circuit court also determined that Hunter "admitted in his Petition to Enter Plea of Guilty to being previously convicted of the crimes alleged in the Amended Bill of Information." **Exhibit K** at 2 (Order Dismissing Burglary and Sexual Battery PCR); **Exhibit L** at 2 (Order Dismissing Felony Jail Escape PCR); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT). In addition, the circuit determined, "the State ha[d] proven the prior convictions and sentences by competent evidence." **Exhibit K** at 2 (Order Dismissing Burglary and Sexual Battery PCR); **Exhibit L** at 2 (Order Dismissing Felony Jail Escape PCR) (citing the exhibits to Hunter's plea and sentencing hearing); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT).

**Appeal of State Post-Conviction Proceedings**

Hunter did not appeal the Tate County Circuit Court's dismissal of his PCR motion on his burglary and sexual battery plea and sentences, and the deadline to do so has expired. *See* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT); Doc. 18-3

(SCR, Cause No. 2022-TS-01269-COA, Vol. 1); Doc. 18-4 (SCR, Cause No. 2022-CP-01269-COA); Miss. R. App. P. 4.

Hunter did, however, appeal the circuit court's dismissal of his PCR motion challenging the validity of his felony jail escape plea and 3-year sentence as a non-violent habitual offender. Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT); Doc. 18-3 (SCR, Cause No. 2022-TS-01269-COA, Vol. 1); Doc. 18-4 (SCR, Cause No. 2022-CP-01269-COA).

Hunter's initial notice of appeal was untimely. Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT); Doc. 18-3 (SCR, Cause No. 2022-TS-01269-COA, Vol. 1); Doc. 18-4 (SCR, Cause No. 2022-CP-01269-COA). However, the Mississippi Court of Appeals ultimately suspended the rules and allowed Hunter's appeal to proceed. **Exhibit M** (Order Reinstating Appeal); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT); Doc. 18-3 (SCR, Cause No. 2022-TS-01269-COA, Vol. 1); Doc. 18-4 (SCR, Cause No. 2022-CP-01269-COA). The state appellate court also denied Hunter's motion for appointment of counsel. Doc. 18-4 (SCR, Cause No. 2022-CP-01269-COA).

On appeal, Hunter argued that the amended bill of information on his escape charge was defective. Doc. 18-5 (SCR, Cause No. 2022-CP-01269-COA, Briefs). He argued that: (1) the document lacked a signature and a notary stamp; (2) the document "did not give notice of the elements or facts surrounding the charges"; and (3) he was subject to an ex post facto violation because the sentence enhancement was "based on offenses charged to him before the creation of any mandatory statute in relation to 99-19-81 or 83 was enacted." Doc. 18-5 (SCR, Cause No. 2022-CP-01269-COA, Briefs). Hunter further claimed that the defective bill of indictment resulted in an illegal sentence – and that the "fundamental-rights exception" applied to his case. Doc. 18-5 (SCR, Cause No. 2022-CP-01269-COA, Briefs).

The Mississippi Court of Appeals affirmed the circuit court's dismissal of Hunter's felony jail

escape PCR as untimely. **Exhibit B**; *see* Doc. 18-4 (SCR, Cause No. 2022-CP-01269-COA). The state appellate court explained:

> The trial court correctly found Hunter's PCR motion was time-barred. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Hunter's PCR motion was filed in 2022, over twenty years after he pleaded guilty in 1999, and thus clearly time-barred. Further, Hunter does not assert that any of the statutory exceptions to the time-bar apply.

*Hunter*, 380 So. 3d at 332.

The state appellate court further noted that "[t]o evade the time-bar, Hunter argues that his PCR claims are excepted because they involve fundamental rights—that the allegedly defective amended bill of information resulted in an illegal sentence." *Id.* (noting that "[a]n illegal sentence and ex post facto claims have been recognized as such 'fundamental rights'") (citation omitted). However, the state appellate court concluded that "[n]o exceptions to the time-bar applied, and the supreme court overruled any judicially created fundamental rights exception in *Howell*." *Hunter*, 380 So. 3d at 332–33; *see Howell v. State*, 358 So. 3d 613, 616 (Miss. 2023), overruling *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), and *Rowland v. State*, 98 So. 3d 1032 (Miss. 2012), *reh'g denied* (Mar. 30, 2023). Thus, the state appellate court determined that "Hunter's attempt to circumvent the time-bar based on a fundamental-rights-exception argument fails." *Hunter*, 380 So. 3d at 332. Despite the statutory bar, the state appellate court also "address[ed] the merits of his claims." *Id.*

The state court concluded that Hunter's "arguments regarding a defective waiver of indictment and the amended bill of information, as well as an illegal sentence, are without merit." *Hunter*, 380 So. 3d at 333. First, the Mississippi Court of Appeals explained:

> Hunter argues his "sentencing instrument[s]" are constitutionally defective.[4]

---

[4] The Mississippi Court of Appeals noted that "Hunter considers his 'sentencing instruments' to be the waiver of indictment and the amended bill of information, as well as the original bill of information." *Id.* at 332 n.4.

> However, Hunter waived his indictment and pleaded guilty to the charges under the amended bill of information. A bill of information serves as the functional equivalent of an indictment. *McCullen v. State*, 786 So. 2d 1069, 1075 (¶12) (Miss. Ct. App. 2001). Hunter's guilty plea waived "all technical and non-jursidictional [(sic)] issues in a bill of information just as it does for such defects in an indictment." *Id.*
>
> Substantively, Hunter's arguments are without merit. He claims his waiver omitted certain required phrases, his amended bill of information was improperly signed, and it did not give proper notice of the facts surrounding the charges. We disagree. Section 169 of the Mississippi Constitution of 1890 states: "The style of all process shall be 'The State of Mississippi' and all prosecution shall be carried on in the name and by authority of 'The [S]tate of Mississippi', and all indictments shall conclude 'against the peace and dignity of the State.'" Hunter's waiver includes the style "the State of Mississippi," and the phrase "against the peace and dignity of the state" is not required for a waiver of indictment. Further, the bill of information was properly signed by the district attorney (*see* MRCrP 1.4(a)), and Hunter offers no authority that it must be signed by a "court official." Finally, the amended bill of information listed the essential facts and elements of felony jail escape and the two prior felonies Hunter committed (to apply the habitual offender sentence enhancement).

*Hunter*, 380 So. 3d at 332.

Finally, the Mississippi Court of Appeals rejected Hunter's "illegal-sentence" argument as meritless. *Id.* at 332–33. The state appellate court held:

> Hunter also argues that his sentence is illegal because of the "ex-post-facto" application of section 99-19-81 to his current charges. He contends his present sentences were enhanced with convictions that occurred before this statute was allegedly enacted. We disagree. The amended bill of information lists two separate cause numbers for Hunter's prior charges of aggravated assault with a firearm in Tate County, Mississippi, and sentence on April 29, 1981, to ten years and twenty years, respectively, in the custody of the MDOC. "Crimes committed before the habitual offender statutes were enacted [can] be used to enhance penalties for crimes committed after the statute was enacted, without violating the ex post facto constitutional provisions." *Bailey v. State*, 728 So. 2d 1070, 1074 (¶18) (Miss. 1997). Hunter's sentence enhancement was proper.

*Hunter*, 380 So. 3d at 332.

Hunter then submitted a motion styled as a petition for a writ of certiorari, but the state appellate courts properly treated it as a motion for rehearing. **Exhibit N** (Order Dismissing Rehearing); *see* Doc. 18-6 (SCR, Cause No. 2022-CT-01269-SCT). On May 21, 2024, the Mississippi Court of Appeals dismissed Hunter's request for rehearing as untimely. **Exhibit N** (Order

Dismissing Rehearing); *see* 18-6 (SCR, Cause No. 2022-CT-01269-SCT). One month later, the Mississippi Court of Appeals denied Hunter's request for reconsideration of the dismissal. **Exhibit O** (Order Denying Reconsideration) (citing Miss. R. App. P. 27(h)); *see* 18-6 (SCR, Cause No. 2022-CT-01269-SCT). The Mississippi Supreme Court subsequently dismissed Hunter's petition for writ of certiorari as untimely on July 29, 2024. **Exhibit P** (Order Dismissing Certiorari Petition); *see* Doc. 18-6 (SCR, Cause No. 2022-CT-01269-SCT).

On December 12, 2024, Hunter filed a "motion to file *habeas* to district court" in his PCR appeal. Doc. 18-6 (SCR, Cause No. 2022-CT-01269-SCT). Five days later, the Mississippi Court of Appeals dismissed Hunter's motion for lack of jurisdiction. **Exhibit Q** (Order Dismissing Motion); *see* Doc. 18-6 (SCR, Cause No. 2022-CT-01269-SCT). The state appellate court held:

> Hunter "seeks permission to have his case reviewed in … district court with new evidence … ." This Court issued its decision in this post-conviction-collateral-relief appeal on February 13, 2024. The Court's mandate was issued on March 5, 2024. This Court no longer has jurisdiction over this matter, and there is no need for Hunter to obtain this Court's permission to proceed in federal court.

**Exhibit Q** (Order Dismissing Motion); *see* Doc. 18-6 (SCR, Cause No. 2022-CT-01269-SCT).

### Additional State Post-Conviction Proceedings

On October 15, 2024, Hunter returned to the trial court with the filing of two "motions to vacate sentence" in the Tate County Circuit Court (with a signature date of October 8, 2024). Doc. 18-7 (SCR, Cause No. CI24-CV-384SMT); Doc. 18-8 (SCR, Cause No. CI24-CV-385SMT). On February 4, 2025, the trial court granted Hunter leave to proceed *in forma pauperis* on his motions. Doc. 18-7 (SCR, Cause No. CI24-CV-384SMT); Doc. 18-8 (SCR, Cause No. CI24-CV-385SMT). No additional filings have been submitted in either of those cases to date. Doc. 18-7 (SCR, Cause No. CI24-CV-384SMT); Doc. 18-8 (SCR, Cause No. CI24-CV-385SMT).

### Federal Petition for Writ of *Habeas Corpus*

On July 15, 2024, while his certiorari petition was still pending in the Mississippi Supreme

Court, Hunter filed his federal *habeas corpus* petition in the United States District Court for the Southern District of Mississippi (signed on July 10, 2024). Doc. 1. Hunter listed one ground for federal *habeas corpus* relief: "illegal confinement due to defective waiver of right to grand jury procedure and petition to proceed on information." Doc. 1 at 5.

On the timeliness issue, Hunter argues that his petition is not time-barred under 28 U.S.C. § 2244(d) "because [he] filed under [an] illegal sentence." Doc. 1 at 14. Finally, Hunter requests that he "be awarded the highest monetary accommodation afforded by law, and" that "all records of all other charges brought out of this matter to be dismissed, and [his] name be taken off the D.N.A. federal website." Doc. 1 at 15.

On August 6, 2024, the United States District Court for the Southern District of Mississippi transferred Hunter's federal petition to this court for consideration. Doc. 6. Prior to this court's order to respond to Hunter's petition, Hunter filed two motions to amend. Docs. 9, 10. In his first motion to amend, Hunter requested that the court incorporate the Mississippi Supreme Court's order dismissing his petition for certiorari review as untimely. Doc. 9. He also maintained his challenges to his waiver of indictment and bill of information. Doc. 9. In his second motion to amend, Hunter argued that he "recently discovered" "vital information" on his January 29, 1999, sentencing. Doc. 10. Hunter challenged the "legality" of his habitual offender status. Doc. 10.

Following the court's order to respond to Hunter's petition, the court granted Hunter's motions to amend. Docs. 11, 13. Hunter then filed a "Supplemental Brief of New Evidence and Law Memorandum." Doc. 16. In his most recent filing, Hunter states that "[t]his matter involves a petition for post-conviction relief pursuant to the Miss. Uniform Post-Conviction Collateral Relief Act, the Sixth and Fourteenth Amendments to the United States Constitution, and the Miss. Constitutional of 1890." Doc. 16 at 1. Hunter further states that he "is bringing said post-conviction motion upon the

basis of a constitutional and additional claim which is separate and distinct from facts of his case and which deals with further fundamental constitutional rights and due process of law … and the separate claim arises from facts contained in the records which was not discovered by petitioner until he had full insight into the records." Doc. 16 at 2.

### One-Year Limitations Period

The State has moved [19] to dismiss Hunter's petition as untimely filed. Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Unless the exceptions of § 2244(d)(1)(B–D) apply, under AEDPA, a petitioner must seek *habeas corpus* relief within one year of the date his judgment of conviction becomes final – subject to statutory tolling for the period when a properly-filed motion for post-conviction relief

is pending in the state court. None of the exceptions of 28 U.S.C. § 2244(d)(1)(B-D) apply in this case. Hunter has not identified a valid impediment to filing under § 2244(d)(1)(B); nor does he allege a new constitutional right made retroactive on collateral review or a *valid* factual predicate of any claim that could not have been discovered with the exercise of due diligence under § 2244(d)(1)(C)–(D). Documents from his 1999 pleas and sentences, which have been available for more than 25 years, do not constitute "newly discovered" evidence of a factual predicate. A "factual predicate" start date "means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019). Hunter has been on notice of these documents for many years; they are not "newly discovered."

### The Court Must Include the Time for Hunter to Appeal His Guilty Plea

Hunter's conviction occurred long enough ago that the court must include in the calculation of when his judgment became final the time permitted to file a direct appeal after his guilty plea. Currently, there is a state statutory prohibition against pursuing a direct appeal from a guilty plea; however, in the past, the Mississippi Supreme Court had carved out a limited exception, allowing an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977); *Trotter v. State*, 554 So. 2d 313 (Miss. 1989); *Berry v. State*, 722 So. 2d 706 (Miss. 1998); *Campbell v. State*, 743 So. 2d 1050 (Miss. Ct. App. 1999); *Acker v. State*, 797 So. 2d 966 (Miss. 2001). This limited exception applies only to guilty pleas taken after July 1, 2008 (the effective date of the amendment to Miss. Code Ann. § 99-35-101); however, Hunter pled guilty prior to that date, and the exception applies in the present case. *See Spraggins v. State*, 231 So. 3d 1021, 1024 (¶ 8)

(Miss. Ct. App. 2017); *see also Cook v. State*, 106 So. 3d 823, 825 (¶ 11) (Miss. Ct. App. 2012); *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010).

As detailed above, on January 29, 1999, Hunter pled guilty to burglary, sexual battery, and felony jail escape, and the Tate County Circuit Court sentenced him on his pleas. **Exhibit H** (Sentencing Order); **Exhibit J** (Sentencing Order); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT). Hunter's sentencing orders were filed on February 8, 1999. **Exhibit H** (Sentencing Order); **Exhibit J** (Sentencing Order); *see* Doc. 18-1 (SCR, Cause No. CI22-CV-222SMT); Doc. 18-2 (SCR, Cause No. CI22-CV-223SMT). Thus, including the 30 days Hunter had to appeal his guilty pleas, *those pleas and sentences became final on March 10, 1999* (February 8, 1999 + 30 days = March 10, 1999). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the United States Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires").[5] The initial *habeas corpus* filing deadline thus became March 10, 2000 (March 10, 1999 + 1 year).

**Statutory Tolling Does Not Apply**

Hunter does not enjoy statutory tolling of his one-year federal *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(2) because he never filed a proper state PCR motion *prior the*

---

[5] In addition, the Fifth Circuit has recently found that, under AEDPA, a Mississippi petitioner's guilty plea becomes final 90 days after sentencing on his plea (at the expiration of the deadline to pursue a direct appeal to the United States Supreme Court). *See Wallace v. Mississippi, et al.*, 43 F.4th 482, 497–01 (5th Cir. 2022). However, that case involved a post-July 1, 2008, guilty plea – and seems not to apply in the instant case. *Id.* The court has credited Hunter only with the 30-day time period to appeal his guilty plea, as that procedure existed during his 1999 pleas and sentences. The 90-day time period under *Wallace*; however, is not dispositive, as the instant *habeas corpus* petition is untimely by over 24 years.

*expiration of his federal habeas corpus limitations period* on March 10, 2000. Indeed, Hunter did not seek state post-conviction relief until over 20 years later, in 2022, and again in 2024 – long after the one-year federal limitations period had expired. Hence, statutory tolling does not apply while those filings were pending. *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (petitioner was not entitled to statutory tolling because "he never 'properly filed' a state *habeas* application during the limitations period"); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a "state *habeas* application did not toll the limitation period under section 2244(d)(2) because it was not filed until after the period of limitation had expired"); *see also Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (an "expired limitations period cannot be revived by filing a state *habeas* petition"). As such, the federal *habeas corpus* deadline remained March 10, 2000.

### Equitable Tolling Does Not Apply

Neither does the petitioner enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the

AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed. 2d 924 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Further, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher*, 174 F.3d at 713–14; *Alexander*, 294 F.3d at 629. Likewise, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable time period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). A *pro se* prisoner's limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher*, 174 F.3d at 713–14 (holding that the miscalculation of a habeas limitations period, even by a *pro se* petitioner, is not grounds for equitable tolling and rejecting petitioner's claim that his confinement limited his ability to pursue his rights diligently because "Congress knew AEDPA

would affect incarcerated individuals with limited access to outside information"). Nor is proceeding *pro se* on federal *habeas corpus* review a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 170.

Ultimately, Hunter has not identified an external factor to explain his delay – nor shown that he diligently pursued his rights – so that he may benefit from equitable tolling. He simply does not identify *any* external impediment. He pled guilty in 1999 but did not seek state post-conviction relief until 2022, and 2024 – then waited over 20 years after his pleas and sentences became final to file his state PCR motions. He has offered no plausible explanation for that extraordinary delay. *See Prater v. Hooper*, 2023 WL 2987571, *1 (5th Cir. Apr. 18, 2023) (citing *Jackson*, 933 F.3d at 411) (determining that even a petitioner's "failure to file his state habeas application for almost a full year after his conviction became final for purposes of § 2244(d)(1)(A) strongly weighs against equitable tolling").

The record thus confirms that Hunter was not reasonably diligent in seeking collateral review of his plea and sentence. *See Palacios*, 723 F.3d at 604–08; *see also, e.g., Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010) (affirming the district court's denial of equitable tolling where "the state [PCR] was not filed until nearly seven months after the conviction became final and at a time when there remained only five months of the section 2244(d)(1) one year period"); *see also North v. Davis*, 800 F. App'x 211, 214–15 (5th Cir. 2020) (an "eleven-month delay in filing [petitioner's] initial state application weighs against a finding of diligence").

As equitable tolling is not appropriate in this case, Hunter's *habeas corpus* filing deadline remained March 10, 2000.

**A Claim of "Illegal Sentence" Is Not an Exception
to the One-Year *Habeas Corpus* Limitations Period**

Hunter argues that his sentence is "illegal." Doc. 1, p. 14. However, a claim of an "illegal sentence" does not overcome the *habeas corpus* one-year limitations period; nor does it form the basis for equitable tolling. *See Wilson v. Cain*, No. 5:22CV69-DCB-BWR, 2023 WL 5803702, at *3 (S.D. Miss. Sept. 7, 2023) (collecting cases); *Williams v. Mississippi*, No. 3:17CV118-NBB-DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018); *Robinson v. Mississippi*, No. 4:17CV145-DMB-DAS, 2019 WL 1307734, at *3 (N.D. Miss. Mar. 22, 2019) (citing *O'Neal v. Banks*, No. 1:17CV22-SA-RP, 2017 WL 1483298, at *3 (N.D. Miss. Apr. 25, 2017)). Thus, Hunter's "illegal sentence" claim cannot overcome the federal *habeas corpus* limitations period. In addition, both the Tate County Circuit Court *and* the Mississippi Court of Appeals considered Hunter's "illegal sentence" arguments and rejected them as meritless.[6]

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 10, 2024, and the date it was received

---

[6] Mississippi used to recognize a "fundamental rights exception" to overcome a *state* procedural bar during the PCR process. *See Williams v. Shaw*, No. 3:20CV778-DPJ-LGI, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021). Federal Courts have noted that such a bar arose only under state law and does not apply during federal *habeas corpus* proceedings. *Williams,* (holding that "[petitioner's] claims are barred by AEDPA and not the UPPCRA, a Mississippi statute[,]" and "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late"). For this reason, Hunter's "fundamental-rights" arguments raised and rejected by the state courts do not apply to render his federal petition timely.

and stamped as "filed" in the district court on July 15, 2024. The instant petition was thus filed some 24 years after the March 10, 20000, filing deadline. As discussed above, the petitioner is entitled neither to statutory nor equitable tolling. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of October, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI